[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11496
Non-Argument Calendar
_____

D.C. Docket No. 5:08-cr-00022-RH-CJK-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIJAH JAMES CHISOLM,
a.k.a. Jamie,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 11, 2021)

Before JILL PRYOR, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Elijah Chisolm appeals the district court's order reducing his sentence under the First Step Act of 2018. He argues that the district court abused its discretion when it failed to reduce his sentence below the revised Sentencing Guidelines range because the district court erroneously believed that it lacked authority to do so. Because the record is ambiguous as to whether the district court understood the extent of its authority under the First Step Act, we vacate and remand for further proceedings.

## I.

In 2009, a jury found Chisolm guilty of one count of conspiring to distribute and possess with intent to distribute more than 50 grams of crack cocaine (Count One), one count of distributing more than 50 grams of crack cocaine (Count Two), two counts of distributing more than 5 grams of crack cocaine (Counts Five and Six), and one count of distributing a mixture and substance containing cocaine (Count Seven). Because the government gave notice prior to trial that it intended to seek an enhanced punishment based on Chisolm's two prior convictions for felony drug offenses, he was subject to a mandatory life sentence on Counts One and Two. *See* 21 U.S.C. §§ 841(b)(1)(A), 851(a) (2008).

At sentencing, the district court held Chisolm responsible for at least 4.5 kilograms of crack cocaine. Chisolm had a total offense level of 40 and criminal history category of VI, which yielded a guidelines range of 360 months' to life

imprisonment.  Because the mandatory sentence for Counts One and Two was life, Chisolm's guidelines range was life.  The district court sentenced Chisolm to a term of life imprisonment on Counts One, Two, Five, and Six and 360 months' imprisonment on Count Seven, all to run concurrently.  On appeal, we affirmed Chisolm's convictions and sentence.  *See United States v. Chisolm*, 367 F. App'x 43 (11th Cir. 2010) (unpublished).

About a year after Chisolm was sentenced, Congress passed the Fair Sentencing Act of 2010 to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine.  *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010); *see also Kimbrough v. United States*, 552 U.S. 85, 97–100 (2007) (providing background on disparity).  The Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the highest statutory penalties from 50 grams to 280 grams and the quantity of crack cocaine necessary to trigger intermediate statutory penalties from 5 grams to 28 grams.  *See* Fair Sentencing Act § 2; 21 U.S.C § 841(b)(1)(A)(iii), (B)(iii).  Until recently, the Fair Sentencing Act's reduced penalties applied only to defendants who were sentenced on or after the Fair Sentencing Act's effective date.  *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

Then Congress passed the First Step Act of 2018, Pub. L. No. 115-391 § 404, 132 Stat. 5194, 5222 (2018), to give district courts the discretion "to apply

retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective." *United States v. Jones*, 962 F.3d 1290, 1293 (11th Cir. 2020). Section 404 of the First Step Act authorizes a district court "that imposed a sentence for a covered offense" to reduce a defendant's sentence. First Step Act § 404(b). A "covered offense" refers to a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* § 404(a). The First Step Act permits a district court to "impose a reduced sentence as if" the Fair Sentencing Act had been "in effect at the time the covered offense was committed." *Id.* § 404(b). The First Step Act leaves to the district court's discretion whether to reduce a sentence for an eligible defendant, stating that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

After the First Step Act went into effect, Chisolm, proceeding *pro se*, filed a motion seeking a sentence reduction under the Act. After the court appointed counsel, Chisolm and the government submitted briefs addressing the motion for a sentence reduction.

In his response, Chisolm asked the district court to award a sentence reduction. He argued that he was eligible for a sentence reduction because the First Step Act modified the penalty ranges for the offenses for which he was

convicted:  drug conspiracy and distribution offenses involving 50 grams or more of crack cocaine.

He also urged the court to exercise its discretion to award him a sentence reduction.  Chisolm asked the court to award a reduced sentence "significantly below" his revised guidelines range.  Doc. 284 at 15.[1]  He argued that such a reduction would be consistent with the statutory sentencing factors set forth in 18 U.S.C. § 3553(a).[2]  Chisolm submitted evidence from the period of his incarceration to support his argument that a sentence reduction was warranted. The evidence showed that during his 11 years of incarceration, Chisolm had incurred two disciplinary infractions but also had earned his GED, worked as a crew leader on the prison's plumbing detail, and participated in a drug treatment program.  Written statements from prison officials reported that Chisolm was "highly respected among inmates and staff" and described him as "an invaluable"

---

[1] "Doc." numbers refer to the district court's docket entries.

[2] Section § 3553(a) states that a court should "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training.  18 U.S.C. § 3553(a)(2).  In imposing a sentence, a court also should consider:  the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range established under the Sentencing Guidelines, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id*. § 3553(a)(1), (3)–(7).

team member who was "very dependable" and exhibited an "exemplary attitude." Doc. 284-2 at 1; Doc. 284-3 at 1; Doc. 284-5 at 1; Doc. 289 at 1.

In its response, the government argued that Chisolm was not eligible for a sentence reduction because the Fair Sentencing Act had not changed the penalty range for an offense involving 4.5 kilograms of crack cocaine, the drug quantity found at sentencing. In the alternative, the government argued that if Chisolm were eligible for relief, the court should sentence him to a sentence within the revised guidelines range, which the government said would be 360 months to life. The government argued that a sentence within this range was reasonable given the drug quantity involved in the offense and Chisolm's criminal history, as well as to avoid unwarranted sentencing disparities with other defendants.

The district court reduced Chisolm's sentence to a total of 360 months' imprisonment. After finding that Chisolm was eligible for a sentence reduction, the court exercised its discretion and reduced his life sentence to 360 months, which the court explained was at "the low end" of the revised guidelines range. Doc. 291 at 10. In addressing its decision to exercise its discretion, the court stated that it had considered the § 3553(a) sentencing factors and cited to commentary to § 1B1.10 in the Sentencing Guidelines, which indicated that a district court should consider the § 3553(a) factors when deciding whether to award a sentence reduction based on a retroactive amendment to the Sentencing Guidelines. In its

6

order, the district court did not directly address Chisolm's request for a below-guidelines sentence.

Chisholm appeals.

## II.

On appeal, Chisholm argues that the district court abused its discretion when it reduced his sentence to 360 months' imprisonment because the court had an erroneous legal view that it lacked authority to reduce his sentence below the revised guidelines range. We review a district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for abuse of discretion. *Jones*, 962 F.3d at 1296.

A district court generally lacks the authority to "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c) sets forth narrow circumstances when a district court may modify a sentence, including when the modification is "expressly permitted by statute." *Id.* § 3582(c)(1)(B). The First Step Act expressly permits a district court to reduce a sentence imposed for a covered offense under the Act. *See* First Step Act § 404.

In *Jones*, we considered the appeals of four federal prisoners whose motions for reduction of sentence under § 404 had been denied in the district courts. *See Jones*, 962 F.3d at 1293. We addressed when a movant was eligible for a sentence reduction under the First Step Act. We began by explaining that a movant had to

7

have been sentenced for a "covered offense" meaning a crack-cocaine offense that triggered the higher penalties in § 841(b)(1)(A)(iii) or (B)(iii). *See id.* at 1298. To determine the offense for which the movant was sentenced, a district court should consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment. *Id.* at 1300–01.

The government argued in *Jones* that to decide whether a defendant committed a covered offense, a district court should consider the actual quantity of crack cocaine involved in the movant's violation based on a finding of drug quantity anywhere in the record, "such as a finding that was necessary for determining only relevant conduct under the Sentencing Guidelines." *Id.* at 1301. We rejected this argument as inconsistent with the statutory text. *Id.* Rather, we explained, a district court should consider only whether the quantity of crack cocaine satisfied the specific drug quantity elements in § 841—in other words, whether his offense involved 50 grams or more of crack cocaine, triggering § 841(b)(1)(A)(iii), or between 5 and 50 grams, triggering § 841(b)(1)(B)(iii). *Id.* We concluded that all four movants in *Jones* had covered offenses because they were sentenced for offenses with penalties that were modified by the Fair Sentencing Act. *Id.* at 1302–03.

Next, we explained that even if a movant was sentenced for a covered offense, he was not necessarily eligible for a sentence reduction. *Id.* at 1303.

8

Section 404(b) imposed the further requirement that any reduction must be "*as if*

sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the

covered offense was committed."  *Id.* (emphasis added) (quoting First Step Act

§ 404(b)).  Given this language, a district court cannot reduce a movant's sentence

if the sentence is already equal to the lowest statutory penalty that would have been

available to him under the Fair Sentencing Act.  *Id.*  In determining what a

movant's statutory penalty would have been if the Fair Sentencing Act had been in

effect when he committed his offense, we said, a district court is bound by a

previous drug-quantity finding when it could have been used to determine his

statutory penalty at the time of sentencing.[3]  *Id.*  When a movant's sentence is

already equal to the Fair Sentencing Act's mandatory-minimum sentence, then his

sentence necessarily would have been the same had the Fair Sentencing Act been

---

[3] Applying this standard, whether a court can look at a drug-quantity finding made at sentencing to determine what a movant's statutory penalty range would have been under the Fair Sentencing Act generally depends on whether the movant was sentenced before or after the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  In *Apprendi*, the Supreme Court held that a drug-quantity finding that increases a defendant's punishment must be made by a jury based on a beyond-a-reasonable-doubt standard of proof.  *Id.* at 490.  Under *Jones*, if a movant was sentenced before the Supreme Court's decision in *Apprendi*, the court generally can look to a drug-quantity finding made by the sentencing judge because that determination was used to set the movant's statutory penalty range.  *See Jones*, 962 F.3d at 1302.  But if a movant was sentenced after *Apprendi*, the court generally cannot look to a drug quantity-finding made at sentencing because that determination was made solely for the purpose of identifying the movant's relevant conduct under the Sentencing Guidelines, not for setting his statutory penalty range.  *Id.* at 1301–02.

in effect when he was sentenced.  Thus, the First Step Act does not authorize the district court to reduce his sentence.  *Id.*

But even when a district court has "authority to reduce" a movant's sentence, it is "not required to do so."  *Id.* at 1304.  A district court has "wide latitude to determine whether and how to exercise [its] discretion in this context" and may "consider all the relevant factors, including the statutory sentencing factors" set forth in 18 U.S.C. § 3553(a).  *Id.*  In a deciding whether to grant a sentence reduction, a court also may consider "previous findings of relevant conduct," including a drug-quantity finding made at the defendant's sentencing.  *Id.* at 1301.

Applying this framework in *Jones*, we vacated and remanded the district courts' denials of two of the movants' motions.  For these movants, the district courts had the authority to reduce their sentences under the First Step Act because they were eligible for relief, but it was unclear whether the courts had recognized that authority.  *Id.* at 1304–05.  Because it was ambiguous whether the district courts had denied the movants' motions on the erroneous ground that they were ineligible for relief, we vacated and remanded for further consideration.  *Id.* at 1305.

With these principles in mind, we now turn to the district court's order in this case.  As an initial matter, there is no dispute here that Chisolm was eligible

10

for a sentence reduction.  The relevant question, then, is whether the district court

abused its discretion when it reduced Chisolm's sentence to 360 months'

imprisonment.  We must vacate because, as in *Jones*, the record is ambiguous as to

whether the district court understood its authority to reduce Chisolm's sentence

below the revised guidelines range.

In his motion for a sentence reduction, Chisolm plainly requested a sentence

below the revised guidelines range.  When the district court granted the sentence

reduction, it never directly addressed Chisolm's request for a below guidelines

sentence.

But in addressing why it reduced Chisolm's sentence, the court cited to

commentary to U.S.S.G. § 1B1.10, which could indicate that the court believed it

lacked authority to reduce Chisolm's sentence below the revised guidelines range.

Section 1B1.10 addresses a district court's authority to award a sentence reduction

pursuant to § 3582(c)(2) when there is a retroactive amendment to the *Sentencing*

*Guidelines*.  It states that a district court generally may not reduce a sentence to a

term less than the minimum of the amended guideline range.  *See* U.S.S.G.

§ 1B1.10(b)(2)(A) (providing that a district court "shall not reduce the defendant's

term of imprisonment . . . to a term that is less than the minimum of the amended

guideline range"). Given the court's apparent reliance on § 1B1.10,[4] it is possible

that the district court erroneously believed it could impose a sentence no lower

than Chisolm's revised guidelines range. If this is what the court meant, it was

error because, as our decision in *Jones* made clear, the district court had the

discretion to impose a sentence below Chisolm's revised guidelines range. *See*

*Jones*, 862 F.3d at 1305 (explaining that "neither the First Step Act nor section

3582(c)(1)(B) barred the district court from reducing [the defendant's] sentence

below the revised guideline range.").

It is also possible that the district court understood it could reduce Chisolm's

sentence further but was declining to exercise its discretion to impose a below-

guidelines sentence. Because we cannot tell which of these interpretations is

correct,[5] we must vacate and remand for further proceedings. *See id.* at 1305.

---

[4] To be precise, the district court cited to a commentary note to § 1B1.10. That note explains that in deciding whether to grant a sentence reduction based upon a retroactive guidelines amendment, a court should consider the § 3553(a) factors but cannot reduce a defendant's sentence to a term of imprisonment less than the bottom of the amended guidelines range. *See* U.S.S.G. § 1B1.10, cmt. n.1(B)(i).

[5] The government speculates that the district court understood it had authority to impose a below-guidelines sentence because more than a year earlier, the same district court judge had awarded a different movant a sentence reduction under the First Step Act that was below the revised guidelines range. *See United States v. Balcom*, No. 4:02-cr-52, Order Reducing the Sentence (N.D. Fla. Feb. 28, 2019) (Doc. 179). Even assuming it would be appropriate for us to look to the district court's reasoning in another case to determine what the district court understood when it awarded Chisolm's sentence reduction, we cannot say that the district court's order in *Balcom* clears up the ambiguity here. The movant in *Balcom* sought a sentence reduction under the First Step Act and asked the court to impose a sentence of time served, which was below his revised guidelines range. The day after the government indicated that it did not oppose the movant's request, the district court granted the motion for the sentence reduction,

## III.

For the reasons set forth above, we vacate the district court's order and remand for further proceedings.

**VACATED AND REMANDED.**

---

pointing to the government's consent to the request.  Given the district court's reliance on the government's consent, we are not persuaded that the district court's order in *Balcom* tells us that the court necessarily understood here that it had the authority to reduce Chisolm's sentence below the revised guidelines range.